NOT FOR PUBLICATION

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| VALERIE ARROYO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES, )<br>)<br>Defendant. )<br>) | No. 21-818C<br><br>Filed: July 2, 2021 |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Valerie Arroyo filed this action, alleging a tort claim and constitutional violations related to the purported mishandling of a civil action in the United States Court for the Western District of North Carolina. Before the Court are Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction (ECF No. 9) and Plaintiff's Motion for Summary Judgment pursuant to RCFC 56 (ECF No. 8). Also pending are Plaintiff's requests to proceed *in forma pauperis* (ECF No. 2) and for a motions hearing (ECF No. 12). For the reasons discussed below, Plaintiff's Complaint fails to state a claim subject to this Court's jurisdiction and, consequently, this case must be **DISMISSED**.

## I. BACKGROUND

### A. Factual History

While difficult to discern, Plaintiff's Complaint seemingly asserts that specified and unspecified state, local, and federal government officials, as well as a federal district judge, acted negligently and violated Plaintiff's constitutional right of due process in connection with a case originally filed by Plaintiff in state court and subsequently removed to the district court. Pl.'s

Compl. at 1, 4, ECF No. 1. Although Plaintiff named the United States as the sole defendant, she alleges that various unlawful actions were committed by named and unnamed officials in the United States Attorney's Office for the Western District of North Carolina ("USAO-WDNC"), the Federal Bureau of Investigation, the North Carolina Department of Justice ("North Carolina DOJ"), and the North Carolina Attorney General's Office; and by local commissioners, state attorneys, and a federal judge in the Western District of North Carolina. *Id.* at 2, 4.

Plaintiff alleges that she initiated the underlying civil action in Mecklenburg County State Court on August 21, 2020. *Id.* at 4–5. In that complaint (as well as in the current action), Plaintiff contended that state, local, and federal government officials failed to investigate alleged white-collar crimes and fraud committed by Daniel J. Zamora, David Hoffman, and Robert Pittenger, Jr. *Id.* at 5–6. Plaintiff alleges that, through the actions of the USAO-WDNC, North Carolina DOJ, other State Attorneys, and Judge, her initial complaint was improperly removed from state court to district court without notifying her as the *pro se* litigant. *Id.* at 4–6; *see Arroyo v. Merriweather*, No. 3:20-CV-00506-FDW-DSC (W.D.N.C.) (civil action based on the same or similar facts presented here). Plaintiff further alleges that the federal judge assigned to her case "ha[d] a conflict of interest" and refused to take judicial action. ECF No. 1 at 2, 5.

According to Plaintiff, these actions constituted negligence and violated the Constitution by denying her due process, thereby subjecting her to discrimination. *Id.* at 4–6.

### B. Procedural History

On January 25, 2021, Plaintiff filed her Complaint in this Court, seeking, *inter alia*, money damages totaling $5 million and impeachment. *Id.* at 2–3. At the same time, she filed an Application to Proceed *In Forma Pauperis* ("IFP Application"). Appl. to Proceed *In Forma Pauperis*, ECF No. 2. Plaintiff identified the Tucker Act, 28 U.S.C. § 1491, in the paragraph of the Complaint that addressed this Court's jurisdiction. ECF No. 1 at 1. In that same paragraph,

she also cited 28 U.S.C. § 1346, which provides jurisdiction to district courts including for tort claims against the United States. ECF No. 1 at 1; *see* 28 U.S.C. § 1346(b) (Federal Tort Claims Act ("FTCA")). Plaintiff also referenced "negligence" as a basis for jurisdiction, ECF No. 1 at 1, and identified the additional pages of her complaint as "Complaint Form Federal Tort Act," *id.* at 4–6.

On March 8, 2021, Plaintiff filed a Motion for Summary Judgment pursuant to RCFC 56.[1] Pl.'s Mot. for Summ. J., ECF No. 8. As grounds for her motion, Plaintiff asserts that Defendant (at that time) had not answered or otherwise responded to the Complaint and, as such, there are no genuine disputes of material fact and Plaintiff is entitled to judgment as a matter of law. *Id.* at 1–2. On March 17, 2021, Defendant timely filed a consolidated Motion to Dismiss and Opposition to Plaintiff's Motion for Summary Judgment. Def.'s Mot. to Dismiss and Opp. to Pl.'s Mot. for Summ. J., ECF No. 9; *see* RCFC 12(a)(1)(A). Defendant moved to dismiss Plaintiff's Complaint pursuant to RCFC 12(b)(1), arguing that the Court does not possess jurisdiction to entertain her claims. ECF No. 9 at 11–17. On April 5, 2021, Plaintiff filed a consolidated response. Pl.'s Opp'n Resp. for the Mot. to Dismiss and Resp. to Opp'n of the Summ. J. by Opposing Counsel, ECF No. 10. Defendant filed its reply on April 12, 2021. Def.'s Reply in Supp. of Its Mot. to Dismiss, ECF No. 11. The motions are thus fully briefed and ripe for decision.

On April 26, 2021, Plaintiff filed a Motion for Hearing pursuant to RCFC 78,[2] requesting a hearing and "an order taxing all Defendant(s) for any and all court costs and fees." Pl.'s Mot. for Hr'g at 2, ECF No. 12. In its response, Defendant deferred to this Court regarding Plaintiff's

---

[1] Plaintiff cites the Federal Rules of Civil Procedure ("FRCP"), but because this Court does not use the FRCP all references will cite the corresponding rule in the RCFC.

[2] FRCP 78 provides a court with the authority to orally hear motions at regular times and places or to determine motions without oral hearings. This Court has no equivalent rule. *See* RCFC 78 (indicating rule is "[n]ot used").

request for oral argument but asserted that Plaintiff's request for costs was premature, noting that this Court awards fees only to "the prevailing party" pursuant to 28 U.S.C. § 2412(a)(1). Def.'s Resp. to Pl.'s Mot. for Hr'g at 1, ECF No. 13.

Since the completion of briefing on the pending motions, the parties have filed notices providing updates on the litigation in the Western District of North Carolina. On June 2, 2021, Defendant submitted a copy of the order and opinion dismissing Plaintiff's district court case. Def.'s Notice, ECF No. 15 (attaching slip opinion).[3] On June 11, 2021, Plaintiff submitted copies of the Motion for New Trial and Motion for Relief Judgment and Order that she filed in the same case. Pl.'s Notice, ECF No. 17.

## II. DISCUSSION

### A. Jurisdiction of the Court of Federal Claims

The Tucker Act affords this Court jurisdiction over non-tort suits for monetary damages against the United States founded on (1) the Constitution, (2) an act of Congress, (3) an Executive Order, (4) a regulation of the Executive Branch, or (5) an express or implied-in-fact contract with the United States. 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Thus, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

This Court's limited jurisdiction does not include (1) claims that fail to implicate the United States, (2) claims arising in tort, (3) non-money-mandating claims based on constitutional

---

[3] This opinion will cite to the unreported decision available on Westlaw. *See Arroyo v. Merriweather*, No. 3:20-CV-00506-FDW-DSC, 2021 WL 2187947 (W.D.N.C. May 28, 2021).

violations, (4) claims inviting review of state and district court decisions, or (5) claims seeking impeachment of federal officials. 28 U.S.C. § 1491(a) (providing jurisdiction over certain claims "against the United States" "not sounding in tort"); *see, e.g.*, *McClary v. United States*, 775 F.2d 280, 282 (Fed. Cir. 1985) (Tucker Act jurisdiction specifically excludes tort claims); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Tucker Act jurisdiction does not extend to claims for violations of constitutional provisions that do not mandate the payment of money damages by the United States); *Rohland v. United States*, 136 Fed. Cl. 55, 66 (2018) (Court of Federal Claims does not have jurisdiction to entertain collateral attacks on decisions of state courts and federal district courts); *Hicks v. United States*, 118 Fed. Cl. 76, 82 (2014) (Court of Federal Claims lacks jurisdiction to entertain *pro se* plaintiff's demand for impeachment of federal officials).

### B. Standard of Review

#### 1. RCFC 12(b)(1)

On a motion to dismiss under RCFC 12(b)(1), "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). If the Court determines that it lacks subject matter jurisdiction, it must dismiss the action. RCFC 12(b)(1), (h)(3); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

When a claimant files a complaint as a *pro se* litigant, the Court construes the allegations liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980); *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005). Despite this custom of leniency, however, *pro se* litigants must still meet

jurisdictional requirements. *Jaye v. United States*, 781 F. App'x 994, 996 (Fed. Cir. 2019) ("[A] court may not 'take a liberal view of . . . jurisdictional requirement[s] and set a different rule for *pro se* litigants only.'" (quoting *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987))). Regardless of *pro se* status, a plaintiff always bears the burden of establishing subject matter jurisdiction. *See Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

2. RCFC 56

Summary judgment is proper if the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." RCFC 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue is one that "may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A material fact is one that could affect the outcome of the suit. *Id.* at 248.

When considering summary judgment, the Court construes factual inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). The moving party bears the burden of proving the absence of a genuine issue of material fact. *Anderson*, 477 U.S. at 256. A movant may discharge this burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. To survive a properly pleaded motion for summary judgment, the non-moving party need only present affirmative evidence establishing some genuine issue of fact. *Anderson*, 477 U.S. at 257.

C. **Defendant's Motion to Dismiss Is Granted.**

Plaintiff's Complaint must be dismissed pursuant to RCFC 12(b)(1) because the allegations do not establish subject matter jurisdiction for any claim. Specifically, the Court lacks jurisdiction over (1) allegations that implicate local, state, and federal government officials rather than the United States; (2) Plaintiff's constitutional claims, which do not mandate money damages; (3)

6

Plaintiff's tort claim; (4) any remaining claims regarding review of state or federal court decisions; and (5) Plaintiff's claim for impeachment.

1. Claims Concerning Government Officials

Plaintiff's claims against local, state, and federal government officials are beyond this Court's jurisdiction. 28 U.S.C. § 1491(a)(1). In the Court of Federal Claims, "the *only* proper defendant . . . is the United States, not its officers, nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 191 (2003) (emphasis in original) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). In other words, "if the relief sought is against others than the United States the suit must be ignored as beyond the jurisdiction of the court." *Sherwood*, 312 U.S. at 588; *see Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (dismissing claims implicating state and local officials for lack of jurisdiction); *Pikulin v. United States*, 97 Fed. Cl. 71, 75 (2011) (federal government officials or judges); *Edelmann v. United States*, 76 Fed. Cl. 376, 380 (2007) (private parties).

This Court considers the substance of a complaint over its form. *See Williams v. Sec'y of Navy*, 787 F.2d 552, 557 (Fed. Cir. 1986); *see also Brazos Elec. Power Coop., Inc. v. United States*, 144 F.3d 784, 787 (Fed. Cir. 1998). To meet this Court's jurisdictional requirements, a plaintiff's complaint must not only name the United States as the defendant pursuant to RCFC 10(a) but its allegations also must implicate the United States. *See May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997) (dismissing landowner's complaint related to local river project, which captioned the United States as the sole defendant, because all substantive allegations were against other state and private entities).

In the Complaint, Plaintiff alleges causes of action based on the conduct of specified and unspecified local, state, and federal government officials and entities, including local government

7

commissioners; state government officials with the North Carolina Attorney General's Office, including the state Attorney General; federal officials with the USAO-WDNC, including the former United States Attorney; and the federal district judge presiding over her action in the Western District of North Carolina. ECF No. 1 at 2, 4–6. Although Plaintiff captioned her case with the United States as the sole defendant, her allegations against these government officials fail to implicate the United States. Accordingly, the Court lacks jurisdiction over Plaintiff's claims against individual government officials.

2. Tort Claim

This Court must dismiss Plaintiff's tort claim. Plaintiff asserts the FTCA as a basis for this Court's jurisdiction and alleges an unspecified form of negligence. ECF No. 1, 4–6. Pursuant to the FTCA, only federal district courts may entertain tort claims against the United States. 28 U.S.C. § 1346(b)(1); *see, e.g.*, *Sellers v. United States*, 110 Fed. Cl. 62, 68 (2013) (dismissing plaintiff's negligence claims sounding in tort pursuant to the Tucker Act and the FTCA). The Court of Federal Claims is a not a federal district court. *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002). Moreover, this Court expressly lacks jurisdiction to hear any claims "sounding in tort." 28 U.S.C. § 1491(a); *see, e.g.*, *Shearin v. United States*, 992 F.2d 1195, 1197 (1993) ("It is well settled that the United States Court of Federal Claims lacks . . . jurisdiction to entertain tort claims."); *LeBlanc*, 50 F.3d at 1030. Therefore, Plaintiff's tort claim is beyond this Court's limited jurisdiction and should be dismissed.

3. Constitutional Claims

This Court must dismiss Plaintiff's constitutional claims. For this Court to have jurisdiction over constitutional claims, a plaintiff must establish that the constitutional provision at issue creates a substantive right to money damages from the United States. *See Fisher v. United*

*States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005) ("[T]he absence of a money-mandating source [is] fatal to [this Court's] jurisdiction under the Tucker Act.").

Plaintiff's allegations implicate the Due Process Clauses of the Fifth and Fourteenth Amendments. *See* ECF No. 1 at 1–2, 5–6. Violations of these constitutional clauses do not create a substantive right to money damages against the United States. *See, e.g.*, *LeBlanc*, 50 F.3d at 1028 (holding that Due Process Clause does not mandate payment of money by the Government); *Fullard v. United States*, 77 Fed. Cl. 226, 230 (2007) (same); *Grundy v. United States*, 2 Cl. Ct. 596, 598 (Cl. Ct. 1983) (Court of Federal Claim's jurisdiction does not encompass constitutional claim merely because plaintiff asserts violation of "due process").

Plaintiff's Complaint also alleges a violation of "equal" due process and discrimination. ECF No. 1 at 1, 5–6. To the extent these allegations raise an equal protection claim, the Court likewise lacks jurisdiction. *See, e.g.*, *LeBlanc*, 50 F.3d at 1028 (Equal Protection Clause does not mandate payment of money by the Government); *Bounds v. United States*, 1 Cl. Ct. 215, 216 (Cl. Ct. 1983), *aff'd*, 723 F.2d 68 (Fed. Cir. 1983) ("Insofar as [plaintiffs] claim a denial of equal protection, [this court's] cases squarely hold that the equal protection clause of the fifth amendment does not form a basis for jurisdiction.") (citation omitted). As Defendant notes, to the extent Plaintiff's allegations raise claims of civil rights violations against individual government officials under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), such claims are also not within the Court's jurisdiction. *See Ramirez v. United States*, 239 F. App'x 581, 583 (Fed. Cir. 2007); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997).

Because Plaintiff's alleged constitutional claims are beyond this Court's jurisdiction, they warrant dismissal.

### 4. Claims Regarding Alleged Errors in State and Federal Court Cases

This Court does not have jurisdiction to review decisions of state courts or federal district courts. 28 U.S.C. § 1491(a); *see, e.g.*, *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("[T]he Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."); *Lord Noble Kato Bakari El v. United States*, 127 Fed. Cl. 700, 704 (2016) ("[The Court of Federal Claims] lacks jurisdiction to review the decisions of state courts."). While Plaintiff requests this Court review actions taken by certain officials with respect to litigation removed from state court to the Western District of North Carolina, ECF No. 1 at 1, 4–5, her sole recourse is "the statutorily defined appellate process."[4] *Shinnecock*, 782 F.3d at 1353 (citing 28 U.S.C. § 1291). Therefore, this Court must dismiss Plaintiff's claims requesting review of state and federal court decisions.

### 5. Claim for Impeachment

This Court lacks authority to impeach federal officials. 28 U.S.C. § 1491(a); U.S. CONST. art. I, § 2, cl. 5; *id.* art. I, § 3, cl. 6 (expressly vesting power of impeachment to Congress). Plaintiff's claim requesting impeachment of state and federal officials, ECF No. 1 at 2–3, is not only vague but also directly conflicts with this Court's statutory authority and the Constitution. *Id.*; *see Hicks*, 118 Fed. Cl. at 82 (affirming that the Court of Federal Claims lacks jurisdiction to impeach federal officials). Accordingly, this Court must dismiss Plaintiff's claim for impeachment.

### 6. Transfer of This Action to District Court Is Not Warranted.

Pursuant to 28 U.S.C. § 1631, the Court of Federal Claims must transfer civil claims beyond its jurisdiction to a court in which the action could have been brought provided that (1)

---

[4] Plaintiff recently appealed the district court's dismissal order. *See Arroyo v. Vi Lyles*, No. 21-1669 (4th Cir. June 11, 2021).

this court lacks jurisdiction, (2) the court to which the case is transferred has jurisdiction, and (3) transfer is warranted "in the interest of justice." *See Cooper v. United States*, 104 Fed. Cl. 306, 314–15 (2012) (holding that plaintiff's claims related to his criminal conviction and prosecution should be transferred to district court).

The interest of justice does not warrant transferring a suit from this Court to another court, however, when a litigant's prior similar complaints filed in district court have been dismissed. *See Mora v. United States*, 118 Fed. Cl. 713, 717 (2014) (concluding that the "transfer of plaintiff's case [from the Court of Federal Claims to district court] would be futile" when similar actions filed in district court have been dismissed). Here, Plaintiff has filed duplicative claims in this Court and others, including in the Western District of North Carolina case directly at issue in the Complaint. *See* ECF No. 1. *See Arroyo v. Zamora*, No. 3:17-cv-721-FDW-DCK, 2018 WL 1413195 (W.D.N.C. Mar. 21, 2018) (dismissed as frivolous);[5] *Arroyo v. Merriweather*, No. No. 3:20-CV-00506-FDW-DSC, 2021 WL 2187947 (W.D.N.C. May 28, 2021) (dismissed with warning of sanction for any future "repeated frivolous motions," *id.* at *6). These suits alleged similar allegations based on similar underlying events, and each was dismissed.[6]

Because the Western District of North Carolina has already dismissed Plaintiff's remarkably similar cases either as frivolous or pursuant to FRCP 12(b)(1) and (b)(6), the Court

---

[5] The district court issued a subsequent order in this case enjoining future filings by Plaintiff. Order, *Arroyo v. Zamora*, No. 3:17-cv-721-FDW-DCK (W.D.N.C. June 19, 2018), ECF No. 20.

[6] Plaintiff also filed a case in the United States District Court for the Northern District of Georgia that was dismissed without prejudice upon an initial frivolity review. *See Arroyo v. Colbert*, No. 1:18-CV-00848-SCJ, 2018 WL 10510870 (N.D. Ga. Mar. 29, 2018). The nature of this action appears to be different, as the dismissal order indicates that Plaintiff's claims "principally [were] against her former landlord and the attorneys who represented him in her eviction proceedings," *id.* at *1, and sought to collaterally "attack the rulings of the Cobb County Superior Court," *id.* at *2.

finds that transfer to district court under Section 1631 is not appropriate.

**D.     Plaintiff's Motion for Summary Judgment Is Denied as Moot.**

Because the Court has determined that it must dismiss Plaintiff's claims for lack of jurisdiction, her request for summary judgment pursuant to RCFC 56 is moot.

Moreover, as Defendant correctly notes, the motion is more aptly characterized as a request for default judgment. ECF No. 9 at 17. The sole basis for Plaintiff's motion is the contention she had received "no answer, responsive pleadings, [or] motion filed on behalf of the Defendant(s)." ECF No. 8 at 1. The Court's rules provide that "[t]he United States must file an answer to a complaint within 60 days after being served with the complaint." RCFC 12(a)(1)(A); *see* ECF No. 9 at 17. The rules also provide the United States with the option of moving for dismissal pursuant to RCFC 12(b) within the 60-day responsive pleading period. RCFC 12(b). Because Plaintiff's Complaint was filed on January 25, 2021, and served electronically on January 29, 2021, Defendant had until March 29, 2021, to respond to the Complaint. *See* ECF No. 1; *see also* ECF No. 9 at 17. Defendant timely filed its Motion to Dismiss on March 17, 2021. *See* ECF No. 9.

**E.     Plaintiff's Complaint Is Frivolous, Warranting Dismissal of This Action and Denial of Plaintiff's IFP Application.**

A separate basis exists for dismissing this action because Plaintiff's claims are frivolous. Actions filed *in forma pauperis* are subject to a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), which requires a court to dismiss a complaint at any time once it is deemed frivolous. *Id.*; *see Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (affirming the importance of this oversight, noting that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits"). A complaint is frivolous if it is without an arguable basis either in law or fact. *See Neitzke*, 490 U.S. 319 at 325; *Taylor v. United States*, 568 F. App'x 890, 891 (Fed. Cir.

2014) (citing *Neitzke*, 490 U.S. at 327) ("Frivolous complaints include those in which the factual allegations asserted are so unbelievable that there is no need for an evidentiary hearing to determine their veracity."); *Double Lion Uchet Express Tr. v. United States*, 149 Fed. Cl. 415, 422 (2020) (holding dismissal under § 1915(e) is warranted when a court "concludes that no part of the complaint is grounded in factual or legal reality").

Judges of this court have dismissed cases as frivolous under § 1915(e) where the claims were beyond the court's jurisdiction, the complaint set forth wholly incredible allegations, and the *pro se* plaintiff demonstrated a pattern of filing numerous frivolous actions in federal courts. *See Perales v. United States*, 133 Fed. Cl. 417, 418 (2017); *see also Grant v. United States*, 129 Fed. Cl. 790, 792–93 (2017) (noting, among other considerations, that the plaintiff "brought strikingly similar claims in other federal courts that were found to be frivolous and dismissed").

Similarly, here, Plaintiff has filed three civil actions *in forma pauperis* in other federal courts that have been dismissed as frivolous or with warnings regarding duplicative and frivolous filings: *Arroyo v. Zamora*, *Arroyo v. Colbert*, and *Arroyo v. Merriweather*. As discussed above, none of Plaintiff's claims in the instant action—which overlap with claims brought in some of the prior actions—fall within the Court's jurisdiction. Additionally, Plaintiff's allegations provide no factual or legal support for the $5 million award she seeks based on vague claims against numerous specified and unspecified government officials who allegedly committed a variety of specified and unspecified violations of law. *See* ECF No. 1 at 4–6; *see also Perales*, 133 Fed. Cl. at 418; *Johnson v. United States*, 1:15-CV-00578, 2015 WL 1793616, at *1 (D.D.C. Apr. 13, 2015) (dismissing suit against high-level federal and state officials, among others, under § 1915(e) because the *pro se* plaintiff's complaint "consist[ed] in large part of incoherent and disjointed statements and general proclamations").

Because Plaintiff has exhibited a pattern of filing frivolous actions *in forma pauperis* in district court, and because the claims in the case at hand are frivolous, the instant action should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The same finding requires that the Court deny Plaintiff's IFP Application as well. *See Double Lion Uchet Express Tr.*, 149 Fed. Cl. at 423 (first citing *Manning v. United States*, 123 Fed. Cl. 679, 683 (2015); and then citing *Floyd v. United States*, 125 Fed. Cl. 183, 192 (2016)).

### III. CONCLUSION

For the reasons set forth above, this Court's limited jurisdiction does not extend to Plaintiff's claims. Accordingly, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED** for lack of jurisdiction pursuant to RCFC 12(b)(1). The Clerk is directed to enter judgment accordingly.

The Court further **ORDERS** that:

- Plaintiff's IFP Application is **DENIED**;

- Plaintiff's Motion for Summary Judgment is **DENIED AS MOOT**; and

- Plaintiff's Motion for Hearing is **DENIED**, as the pending motions are suitable for decision on the briefs.

**SO ORDERED.**

Dated: July 2, 2021  */s/ Kathryn C. Davis*
KATHRYN C. DAVIS
Judge